UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>1016 WEST HOLLYWOOD, LLC,<br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.: 14-02696<br><br>Chapter: 11<br>Honorable Jacqueline Cox |

## SECOND AGREED INTERIM ORDER: (A) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION; AND (C) DEEMING SECURED PARTIES ADEQUATELY PROTECTED THEREBY

Upon the motion (the "Motion") of 1016 West Hollywood, LLC, as debtor and debtor in possession (the "Debtor") for entry of: (a) an interim order (the "Interim Cash Collateral Order") (i) authorizing the Debtor's use of cash collateral, (ii)(A) granting adequate protection to International Bank of Chicago ("International Bank"), 1st Equity Bank Northwest ("1st Equity"), and Fine Homes, LLC ("Fine Homes" and, together with International Bank and 1st Equity, the "Secured Parties") and (B) deeming the Secured Parties adequately protected, and (ii) scheduling a hearing to consider entry of the Final Cash Collateral Order (as defined below); and (b) after further notice and a hearing, a final order (the "Final Cash Collateral Order"), authorizing the relief granted in the Interim Cash Collateral Order on a permanent basis; the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at the hearings before the Court on March 11, 2014 and April 15, 2014 (the "Hearings"); the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334; this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper in this District pursuant to 28 U.S.C. § 1408; the Court having considered the Motion and determined that the relief requested therein is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; the Court having determined that notice of the Motion was good and sufficient under the particular circumstances and that no other and further notice need be given to consider the Motion and grant interim relief; now, therefore,

IT IS HEREBY ORDRED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtor is hereby authorized to continue to use the Secured Parties' cash collateral, including, without limitation, cash on hand, deposits, accounts receivable, and rents, in which the Secured Parties have, or may have, a security interest (the "Cash Collateral"), as well as any other collateral in which the Secured Parties have or may have a security interest (together with the Cash Collateral, the "Collateral") to pay operating expenses of the Debtor's business, including, without limitation, the honoring of tenant deposits, maintenance and repair expenses, utilities, management fees, payments to vendors and independent contractors, insurance, taxes, restructuring-related expenses, Adequate Protection Payments, as more specifically described in the Budget attached hereto as Exhibit 1. The Debtor's use of the Collateral as set forth herein is authorized through May 30, 2014, pending a final hearing on the Motion, and may not be extended other than on the express written consent of the Secured Parties or further order of this Court.

Rev: 20130104_bko

3. Adequate Protection. As adequate protection of the Secured Parties' interest in the Collateral (the "Adequate Protection"):

(a) the Debtor shall use the Cash Collateral, on an interim basis, to pay operating expenses of the Debtor's business as described above pending a final hearing on the Ocean;

(b) the Debtor shall use the Cash Collateral in accordance with the Budget and may exceed any individual line item on the Budget, as long as total expenditures do not exceed 115% of the total amount Budget;

(c) during the period of the Budget, the Debtor shall provide the Secured Parties' counsel with weekly updates of the Budget showing the actual income and expenditures for the preceding week;

(d) to the extent of any diminution in the value of the Collateral as a result of the Debtor's use of the Cash Collateral, the Secured Parties shall have (each according to the priority of their prepetition interest in the Collateral) valid, binding, and enforceable and perfected replacement security interests in, and lien on, all of the Debtor's right, title, and interest in, to, and under all property and proceeds of the Debtor of the nature and type of the Collateral acquired after the Petition Date, including, without limitation, all cash and Cash Collateral of the Debtor, whether now existing or later acquired; and

(e) the Debtor shall further use the Cash Collateral to continue making the scheduled, monthly payments to International Bank pursuant to the terms of the loan agreement secured by the Collateral.

4. Amendment of the Budget. The Debtors and the Secured Parties may mutually agree to amend the Budget at any time and without further order of this Court.

5. Secured Parties Adequately Protected. Pending a final hearing on the Motion, the interests of the Secured Parties in and to the Collateral shall be deemed to be adequately protected by the Adequate Protection.

6. Final Hearing. A further and, unless the Court later determines otherwise, final hearing on the Motion and the Debtor's use of the Collateral, including, without limitation, the Cash Collateral, shall be held on April 22, 2014 at 1:00 p.m. Central Time (the "Final Hearing").

7. Management Fee. To address concerns raised by 1st Equity, on an interim basis, the management fee set forth in the Budget has been revised down from the $2,400 to $1,000 per month. However, this adjustment is without prejudice to the Debtor seeking to have the management fee allowed at a higher rate, retroactive to the beginning of the period covered by the Budget and going forward, based on the evidence and argument presented in connection with the Final Hearing. At the Final Hearing, the Court shall consider the evidence and argument presented by the Debtor and 1st Equity on the reasonable and appropriate amount of the management fee.

8. Effectiveness. This Order shall constitute findings of fact and conclusions of law and shall take effect upon the execution hereof as of the Petition Date; provided, however, that this Order shall be without prejudice to the right of any party in interest to object to the Motion on or before the Objection Deadline.

Enter: *Jacqueline P. Cox*

J. Cox

United States Bankruptcy Judge

Dated: **APR 16 2014**

**Prepared by:**
David J. Fischer
Phillip W. Nelson
EDWARDS WILDMAN PALMER LLP
225 West Wacker Drive
Chicago, Illinois 60606
Telephone: 312-201-2000
Facsimile: 312-201-2555
dfischer@edwardswildman.com
pnelson@edwardswildman.com